**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Derrick D. Hentschel</u>

   v.                                    Civil No. 16-cv-423-JL

<u>William Wrenn, Commissioner,</u>
<u>New Hampshire Department of</u>
<u>Corrections, et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

Derrick D. Hentschel, an inmate at the New Hampshire State Prison ("NHSP"), has filed a complaint (Doc. No. 1) asserting violations of his right to adequate medical care during his incarceration.  The complaint is here for preliminary review, to determine if Hentschel's claims may proceed, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a); and LR 4.3(d)(1).  Also before the court, for a recommendation as to disposition, is Hentschel's motion for a preliminary injunction (Doc. No. 7).

_____

[1]In addition to the New Hampshire Department of Corrections Commissioner William Wrenn, plaintiff names the following defendants in this case:  New Hampshire State Prison ("NHSP") Warden Michael Zenk; NHSP Physicians Celia Englander and Carey Rodd; NHSP Director of Security and Training Christopher H. Kench; Director of Medical and Forensic Services Bernadette Campbell; Director of Medical and Forensic Services Paula Mattis; NHSP Nurse Practitioners Cindy Domeneu and Diane Desmarais; and NHSP Pain Clinic Nurse Janice Theodore.  Each named defendant is sued in his or her individual and official capacity.

**Background**

On May 10, 2016, Derrick Hentschel was transferred to the NHSP from the Rockingham County Department of Corrections ("RCDOC").  At the RCDOC, Hentschel alleges, he received medication, prescription high-arch sneakers, and orthotics, to treat chronic severe pain arising from longstanding knee, back, and foot problems.  At the time of his intake at the NHSP, Hentschel told the intake officer what medication he had been prescribed at the RCDOC, as his medications were not transported to the NHSP with him.  At intake, Hentschel's prescription sneakers and orthotics were taken from him, pending review by medical and security personnel.

Hentschel states that he did not receive any daily pain medication for the first ninety-six hours he was at the NHSP. On May 14, 2016, although Hentschel began to receive daily pain medication, Hentschel alleges NHSP medical personnel did not prescribe the same medications he had received at the RCDOC, despite his requests therefor.  Hentschel states that the medication he was given at the NHSP was insufficient to treat his severe pain.

Hentschel asserts that at a May 18, 2016 physical examination at the prison, he advised Nurse Practitioner Diane

Desmarais, in detail, of all of his medical issues and treatment needs.  After that examination, Hentschel was referred to physical therapy for an evaluation, and to the NHSP Pain Clinic for pain management and treatment.  On June 27, 2016, Hentschel was seen at the NHSP Pain Clinic by Dr. Carey Rodd and Nurse Janice Theodore, who agreed to refer Hentschel to an orthopedic specialist.

## Discussion

### I.   Preliminary Review

#### A.   Preliminary Review Standard

Because Hentschel is appearing pro se, the court construes his pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court may dismiss Hentschel's complaint, or any part of the complaint, if it "fails to state a claim on which relief may be granted."  28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).  To determine if the pleading states a claim, the court first disregards plaintiff's legal conclusions and then considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009)).

## II.   **Eighth Amendment Claims**

Hentschel asserts that defendants have violated his Eighth Amendment right to adequate medical care in prison.  To assert an Eighth Amendment claim based on inadequate medical care, plaintiff must establish that the deprivation of such care was, objectively, "'sufficiently serious,'" and must also show that, "[s]ubjectively, . . . 'prison officials possessed a sufficiently culpable state of mind, namely one of "deliberate indifference" to an inmate's health or safety.'"  Perry v. Roy, 782 F.3d 73, 78 (1st Cir. 2015) (citations omitted). "'To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk.'"  Penn v. Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted).  Deliberate indifference is not demonstrated "'[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment.'"  Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (citation omitted).

Here, Hentschel's claims allege that the defendants have violated his Eighth Amendment rights by denying him pain

medication for ninety-six hours, and denying him, since May 10, 2016, the specific pain medication, sneakers, and orthotics, he was had been prescribed while he was at the RCDOC. The assertions in Hentschel's complaint, and the attachments thereto, indicate that he is being treated with medication, including daily pain medication, has been seen more than once by medical personnel, has been referred for evaluation and treatment to the NHSP Pain Clinic, the NHSP physical therapist, and an orthopedic specialist. The prescription sneakers Hentschel received at the RCDOC were deemed not to be medically necessary and were not returned to him, and his orthotics were disallowed by security personnel, because they contained metal. Hentschel has discussed shoes, orthotics, and other assistive devices with the NHSP Pain Clinic personnel.

As to the four days Hentschel spent without daily pain medication upon his arrival at the NHSP, Hentschel has not asserted facts showing that any individual medical provider, aware of his need for medication during that time, and failed to take adequate steps to address his needs. Further, the period of time during which he was without medication was not of a duration so long that deliberate indifference could be reasonably inferred from the delay in providing Hentschel with

pain medication.

As to plaintiff's unmet requests for specific medications and treatment, Hentschel's complaints amount to a dissatisfaction with the choice of treatment made by the NHSP providers.  Hentschel acknowledges that he has been examined and provided with treatment at the NHSP.  These assertions undermine Hentschel's contention that the defendants were deliberately indifferent to his serious medical needs.  For these reasons, Hentschel has failed to state an Eighth Amendment claim upon which relief can be granted.

## III. **<u>Preliminary Injunctive Relief</u>**

In his motion for a preliminary injunction (Doc. No. 7), Hentschel seeks an order from this court directing NHSP medical personnel to provide the medication he was prescribed, and implement the treatment plan developed, at the RCDOC.  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  <u>Glossip v. Gross</u>, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  "'[T]he sine qua non of [the] four-part inquiry is likelihood of success on the

merits: if the moving party cannot demonstrate that he is likely
to succeed in his quest, the remaining factors become matters of
idle curiosity.'" <u>Sindicato Puertorriqueño de Trabajadores,
SEIU Local 1996 v. Fortuño</u>, 699 F.3d 1, 10 (1st Cir. 2012) (per
curiam) (citation and alterations omitted).

    As stated above, Hentschel has failed to state a claim in
this matter upon which relief might be granted.  Hentschel
cannot, therefore, demonstrate that he is likely to succeed on
the merits of any claim asserted in this case, and his request
for a preliminary injunction should be denied, without prejudice
to his ability to move again for a preliminary injunction,
should the district judge decline to approve this Report and
Recommendation.

<b><u>Conclusion</u></b>

    For the foregoing reasons, the district judge should
dismiss the complaint (Doc. No. 1) in its entirety and deny the
motion for preliminary injunction (Doc. No. 7).  Any objections
to this Report and Recommendation must be filed within fourteen
days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).
The fourteen-day period may be extended upon motion.  Failure to
file specific written objections to the Report and

Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).


_____
Andrea K. Johnstone
United States Magistrate Judge


February 22, 2017

cc:  Derrick D. Hentschel, pro se